UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE DELON ALVARADO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA UNEMPLOYMENT INSURANCE APPEALS BOARD, et al.,<br><br>Defendants. | No.  2:23–cv–3041–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND FINDINGS AND RECOMMENDATIONS TO DISMISS<br><br>(ECF Nos. 2, 3.) |

Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).  Plaintiff's affidavit makes the required financial showing, and so the request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case.  See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

**Legal Standards – Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc._, 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

A complaint must not contain lengthy introductions, argument, speeches, explanations, stories, griping, evidence, summaries, charts, notes, e-mails, and the like. See McHenry v. Renne, 84 F.3d 1172, 1176-78 (9th Cir. 1996). This is because a complaint documentary evidence may be presented at a later point in the case. See Id.

Federal courts have no power to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (no power over claims that are "essentially

fictitious," "obviously frivolous" or "obviously without merit"). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**Analysis**

Here, plaintiff's complaint names the California Unemployment Insurance Appeals Board ("CUIAB"), and the California Unemployment Development Department as defendants. Plaintiff asserts federal question jurisdiction, listing the following sources of law for his claims: (I) Universal Declaration of Human Rights and Title III of the Superfund Amendments and Reauthorization Act, 8 U.S.C. § 1154; (II) The 1933 Securities Act; (III) U.S. Constitution Article VI Par. 2; (IV) Articles of Confederation and Bill of Rights; (V) Pub. Law 116-136, Section 2110, 2102; (VI) 22 C.F.R. 625.5(c); (VII) 18 U.S.C. 211, 232, 350, 346(b)(2), 1341, 1589, 1590, 1591, 3731; (VIII) Rehabilitation Act 29 U.S.C. 701, 502, 504, 508, 510; (IX) Article IV Section I of the U.S. Constitution; (X) 31 U.S.C. §§ 3729-33; (XI) 22 C.F.R. § 93.2; (XII) 29 C.F.R. § 22; (XIII) Pub. Law 115-123; (XIV) "Due Process"; (XV) 35 C.F.R. 111 and "Wharton's Rule"; (XVI) 14th Amendment to the U.S. Constitution; (XVII) Cal. Ins. Code § 1871.7. Plaintiff also asserts diversity jurisdiction, alleging California citizenship for both himself and defendants (and including language often used by sovereign citizens), and alleging damages in the amount of $14,637.00 among other relief. (ECF No. 1 at 1-9.)

As best the court can tell, plaintiff's dispute concerns the denial of "pandemic unemployment assistance" benefits. Plaintiff asserts he "went through ALJ hearing that was appealed by defendant CUIAB," and he won his appeal in 2022 that stated he was "eligible for

1   benefits." It is unclear from the text of plaintiff's complaint what occurred before or after this
2   hearing and appeal, as the remainder of plaintiff's typed narrative contains references to scripture,
3   personal accounts, and other information seemingly irrelevant to the allegations against
4   defendants. (Id. at 10-14.)
5   　　　　Beyond these pages, plaintiff attaches over 350 pages of exhibits. Exhibit A appears to be
6   a decision from CUIAB, from September of 2022, concerning plaintiff's application for
7   unemployment benefits. The decision appears to reverse an ALJ's decision on whether plaintiff's
8   compensation was "wages" under the law, while deferring to the Employment Development
9   Department ("EDD") and ALJ on other issues for remand, as well as noting plaintiff's claim
10  appears to be for wages earned in Nevada. The decision concludes that "benefits are payable
11  provided the claimant is otherwise eligible." (Id. at 19-21.) Exhibit B appears to be a second
12  decision by CUIAB, from June of 2023, affirming the ALJ's second decision denying benefits.
13  The CUIAB appears to note plaintiff's objections on grounds of due process, legal error, and
14  factual error, resolving each against him. Finally, the decision states "it is unclear why the
15  claimant has not opened a claim for unemployment insurance benefits or pandemic
16  unemployment assistance in Nevada," providing information for how to do so in that state. (Id. at
17  28-30.) The remainder of plaintiff's exhibits appear to concern Nevada family court proceedings,
18  a Nevada criminal matter, and ancillary filings before the CUIAB and EDD—including notices of
19  hearings and rights of appeal. (Id. at 42-366.) Of note, EDD appears to have denied plaintiff
20  benefits in November of 2022 because he did not live or work in California, and the CUIAB
21  noted that plaintiff's claim for benefits appears latched to caregiving services he provided for
22  another individual in Nevada. (Id. at 190, 218.)
23  　　　　The court begins with plaintiff's claims alleged under the U.S. Constitution. The only
24  specific citation to a provision that could provide relief to private citizens is the 14th Amendment
25  due process claim. Such claims are generally raised under 42 U.S.C. Section 1983, which
26  provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the
27  Constitution or laws of the United States" against a person acting "under color of any statute,
28  ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980); see also

Graham v. Connor, 490 U.S. 386, 393–394 (1989) ("Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred."). To state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009).

Construing plaintiff's claim as one for procedural due process under Section 1983, plaintiff's allegations and accompanying documents indicate no claim lies for the proceedings before EDD and CUIAB. First, plaintiff fails to name the officer(s) responsible for the proceedings. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added) (noting that the causation inquiry "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."). Thus, any such claim against defendants fail.

More importantly, procedural due process claims are rooted in the right to notice and a hearing before any property deprivation are effected. Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest."). To state a procedural due process claim, plaintiff must allege facts showing "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist., 149 F.3d 971, 982 (9th Cir. 1998). Even assuming plaintiff has a "legitimate claim of entitlement" to unemployment benefits in California, Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972), plaintiff's exhibits indicate the board provided adequate procedural protections. (ECF No. 1 at 42-366.) Thus, plaintiff's 14th Amendment/due process claims fail.

The remainder of plaintiff's citations to the U.S. Constitution do not provide adequate notice of the source of plaintiff's claims, and so are dismissible. Iqbal, 556 U.S. 662, 678 (2009). ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). The same holds true for plaintiff's citations to the Rehabilitation Act, 29 U.S.C. § 701 et seq., or the False Claims Act, 31 U.S.C. §§ 3729-33. See Clark v. State

of Cal., 123 F.3d 1267, 1270 (9th Cir. 1997) ("[T]he purpose of . . . section 504 of the Rehabilitation Act is to prohibit discrimination against the disabled."); see also, e.g., U.S. ex rel. Ruhe v. Masimo Corp., 977 F. Supp. 2d 981, 991 (C.D. Cal. 2013), aff'd, 640 F. App'x 666 (9th Cir. 2016) ("The intended purpose of the False Claims Act is to recover losses due to fraud on the government coffers.").

Plaintiff's citations to sections of 18 U.S.C. are dismissible as legally frivolous, as sections of the U.S. criminal code do not provide a right of action to private citizens.  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes).  The same holds for plaintiff's citations to various portions of the U.S. Code, Code of Federal Regulations and other laws.  For example, Pub. Law 115-123 authorizes flags flying at half-staff; 35 C.F.R. 111 concerns the application for a patent, "Wharton's Rule" bars prosecution of two persons for conspiracy, and Cal. Ins. Code § 1871.7 concerns whistleblowing for claims presented to insurance companies.  See Neitzke, 490 U.S. at 325 (noting claims are legally frivolous when they lack an arguable basis either in law or in fact).

**Leave to Amend**

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, the court concludes that granting leave to amend would be futile.  Cahill, 80 F.3d at 339.  Plaintiff's claims center on his disagreement with the state's denial of unemployment benefits.  As plaintiff's documents indicate, he has rights of appeal in a California Superior Court.  The court takes no position on the merits of his claim, but simply notes no claim exists in federal court for these denials.  See, e.g., Paskiewicz v. Brower, 2020 WL 7074605, at *3 (E.D. Cal. Dec. 3, 2020), report and recommendation adopted, No. 2:20-CV-02238-TLN-AC, 2021 WL 217501 (E.D. Cal. Jan. 21, 2021) (noting that [t]he California Unemployment Insurance Code provides a comprehensive appeals process for unemployment insurance applicants who are dissatisfied with EDD administrative actions.") (citing Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 291 (holding that this administrative appeals process fulfills "every requisite of due process of law")).

**ORDER AND RECOMMENDATIONS**

Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application (ECF No. 2) is GRANTED. Further, it is RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;
2. Plaintiff's request for electronic filing (ECF No. 3) be DENIED as moot; and
3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 16, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

alva.3041